UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| FREDDIE TROWELL, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:18cv446(MPS) |
| v. | : | |
| | : | |
| C/O THEODARAKIS, | : | |
| Defendant. | : | |

# **INITIAL REVIEW ORDER**

The plaintiff, Freddie Trowell, was incarcerated at the MacDougall-Walker Correctional Institution ("MacDougall-Walker") when he initiated this action, but now resides in Bridgeport, Connecticut. He has filed a civil rights complaint against Correctional Officer Theodarakis.

**I.      Legal Standard**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*  This standard of review is applicable when an inmate is proceeding *in forma pauperis* as well as when an inmate has paid the filing fee. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff need not include detailed allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II. Factual Allegations

On November 8, 2017, during recreation at MacDougall-Walker, the plaintiff entered another inmate's cell to speak with him. *See* Compl., ECF No. 1, at 4. At some point during the plaintiff's conversation with the inmate, Correctional Officer Theodarakis directed the plaintiff to move away from the cell door. *See id.* The plaintiff obeyed the order and stepped back from the door. Correctional Officer Theodarakis then yelled at the plaintiff, called him a "faggot" and "quere ass," and again directed the plaintiff to step back from the cell door. *See id.* Correctional Officer Theodarakis warned the plaintiff that any further failure to step back from the cell door would result in an order directing him to return to his own cell. *See id.* In the margin on page five of the complaint, the plaintiff refers to an inmate, Samuel Davis #79895, who allegedly witnessed what occurred on November 8, 2017. There are no further allegations with regard to this incident.

The plaintiff mentions that on another previous occasion, Correctional Officer Theodarakis had verbally harassed him in a similar manner. *See id.* After that incident, the

plaintiff filed a complaint with MacDougall-Walker prison officials about Correctional Officer Theodarakis's verbal harassment. *See id.*

### III. Discussion

The plaintiff claims that Officer Theodarakis verbally harassed and discriminated against him on two occasions. He seeks declaratory and injunctive relief and monetary damages.

#### A. Verbal Harassment

The plaintiff alleges that Officer Theodarakis yelled at him and called him names pertaining to his sexual orientation. He contends that this conduct constituted discrimination and verbal harassment in violation of his rights under the Constitution and laws of the United States. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment imposes certain duties on prison officials, to provide for inmates' basic human needs including: "adequate food, clothing, shelter, [] medical care, and . . . safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation marks and citations omitted).

To state a deliberate indifference to health or safety claim or a conditions claim under the Eighth Amendment, an inmate must demonstrate both an objective and a subjective element. To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a "sufficiently serious" deprivation, such as the denial of a "life[] necessit[y]" or a "substantial risk of serious harm." *Id.* at 834 (internal quotation marks and citations omitted). To meet the subjective element, an inmate must allege that the defendant prison officials possessed culpable intent, that is, the officials knew that he faced a substantial risk to his health

or safety and disregarded that risk by failing to take corrective action. *See id.* at 834, 837.

It is well-settled that verbal harassment and threats do not rise to the level of a constitutional violation. *See Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) ("Verbal harassment, standing alone, does not amount to a constitutional deprivation."); *Cuoco v. Moritsugu,* 222 F.3d 99, 109 (2d Cir. 2000) (noting that "rudeness and name-calling does not rise to the level of a constitutional violation"); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (Verbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under § 1983); *Cotz v. Mastroeni*, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007) (holding that verbal harassment and threats, regardless of how inappropriate, unprofessional or reprehensible, do not violate a federally protected right and are not cognizable under section 1983).

The plaintiff alleges that on two occasions, Officer Theodarakis harassed him by calling him derogatory names. There are no allegations that Officer Theodarakis made physical contact with the plaintiff. Nor are there any allegations indicating that the verbal harassment or name-calling deprived the plaintiff of a basic human need or life necessity. Thus, the allegations of verbal harassment or name-calling do not meet the objective component of an Eighth Amendment claim and are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

A prison inmate's claim that a correctional officer engaged in sexual abuse or assault is cognizable under 42 U.S.C. § 1983 as a violation of the Eighth Amendment. *See Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) (noting that a single incident of sexual abuse can reach constitutional significance "if sufficiently severe or serious"). The plaintiff's allegations, however, do not rise to the level of a violation of the Eighth Amendment. *See*

*Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997)(affirming district court's dismissal of the plaintiff's Eighth Amendment claim for sexual harassment because it found that although the isolated incidents during "which [the plaintiff] was verbally harassed, touched, and pressed against without his consent" were "despicable and, if true . . . m[ight] potentially be the basis of state tort actions. . . . they d[id] not involve a harm of federal constitutional proportions"); *Keaton v. Ponte*, No. 16 CIV. 3063 (KPF), 2017 WL 3382314, at *10 (S.D.N.Y. Aug. 4, 2017) (dismissing prisoner's Eighth Amendment claims of sexual abuse against female corrections officers where there was no "illicit physical contact between a corrections officer and an inmate" and the corrections officers' alleged "verbal harassment," encouraging the inmate to use the shower, watching him shower, and making sexual gestures with lipsticks and tongues, "without more, [were] not actionable" as cruel and unusual punishment in violation of the Eight Amendment); *Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("verbal sexual harassment of a prisoner, without physical contact, does not violate the Eighth Amendment") (collecting cases); *Abrams v. Erfe*, No. 3:17-CV-1570 (CSH), 2018 WL 691714, at *6-7 (D. Conn. Feb. 2, 2018) (dismissing claim of sexual abuse regarding incidents involving correctional counselor who had posed provocatively for the plaintiff on a number of occasions and during her rounds of the housing unit had viewed the plaintiff naked in his cell because "[u]nlike in *Crawford*, there has been no alleged sexually suggestive or any other kind of physical contact between [the correctional counselor] and the [p]laintiff").

The plaintiff alleges that Officer Theodarakis called him derogatory names based on his sexual orientation on two occasions. The plaintiff does not allege that Officer Theodarakis made any attempt to touch him in an intimate area or that his comments were sexually suggestive. *See*

*Crawford*, 796 F.3d at 257 (holding that "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment."); *Cuoco v. U.S. Bureau of Prisons*, No. 98 CIV. 9009 (WHP), 2001 WL 167694, at *3 (S.D.N.Y. Feb. 16, 2001) (dismissing claim that prison guards made "derisive and derogatory comments" to inmate about her sexual orientation because such verbal harassment, although "abhorrent," did not in and of itself "violate inmate's rights under the Constitution or other laws"). The court concludes that the alleged verbal sexual harassment by the defendant was not sufficiently severe or serious enough to constitute sexual abuse under the Eighth Amendment. The claim of verbal sexual harassment is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**B.     Discrimination**

The plaintiff alleges in a conclusory manner that the conduct of Officer Theodarakis was discriminatory and seeks an injunction directing Officer Theodarakis to stop discriminating against him. *See* Compl., ECF No. 1, at 5. In a paragraph at the bottom of the last page of the complaint, the plaintiff mentions "orientation discri[min]ation" and "ra[c]ist d[i]scri[min]ation." *See id.*

The Equal Protection Clause protects individuals from invidious discrimination. It does not mandate identical treatment for each individual or group of individuals. Instead, it requires that similarly situated persons be treated the same. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985). To state an equal protection claim, a plaintiff must allege facts showing that: (1) he was treated differently from similarly situated individuals and (2) that the

difference in or discriminatory treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980).

Alternatively, an equal protection claim can sometimes be sustained even if the plaintiff does not allege "class-based" discrimination, but instead claims that he has been irrationally singled out as a "class of one." *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 601 (2008). "Class-of-one plaintiffs must show 'an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).

The plaintiff does not mention his race or allege any facts to suggest that Officer Theodarakis treated him in a discriminatory manner because of his race. As indicated above, a complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57). The plaintiff's conclusory statement of "ra[c]ist d[i]scri[min]ation" is without factual support and does not state a claim under the Equal Protection Clause of the Fourteenth Amendment. The claim is dismissed as lacking an arguable factual basis. *See* 28 U.S.C. § 1915A(b)(1).

The court construes the plaintiff's statement regarding "orientation discri[min]ation" as a claim that Officer Theodarakis discriminated against him on the basis of his sexual orientation. Discrimination by government officials because of an individual's "[s]exual orientation has been

held to be a basis for an equal protection claim under Section 1983." *Vega v. Artus*, 610 F. Supp. 2d 185, 209 (N.D.N.Y. 2009) (citations omitted). The Second Circuit has concluded that homosexuality is a "quasi-suspect (rather than [a] suspect)" class and that discriminatory treatment of the class is subject to "intermediate judicial review." *Windsor v. U.S.,* 699 F.3d 169, 185 (2d Cir. 2012), *aff'd on other grounds*, 570 U.S. 744 (2013).

The plaintiff does not allege that Officer Theodarakis subjected him to disparate treatment because of his sexual orientation. Rather, his claim is that Officer Theodarakis made harassing comments towards him based on his sexual orientation. There are no allegations that Officer Theodarakis treated him differently than other similarly situated prisoners. The facts as alleged do not state a plausible violation of the plaintiff's equal protection rights by Officer Theodarakis. *See Vaher v. Town of Orangetown*, 916 F.Supp.2d 404, 434 (S.D.N.Y. 2013) (dismissing the plaintiff's Equal Protection claim where the amended complaint was "completely devoid of any reference to 'similarly situated' or 'substantially similar' individuals"); *Vega v. Artus*, 610 F. Supp. 2d 185, 209 (N.D.N.Y. 2009) (because plaintiff did not allege that defendants subjected him to disparate treatment on the basis of his perceived homosexuality, allegations that defendants made harassing comments against plaintiff because they believed that he was a homosexual did not state an equal protection claim.) Thus, the claim that Officer Theodarakis discriminated against the plaintiff because of his sexual orientation in violation of the Equal Protection Clause of the Fourteenth Amendment is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### B. Deliberate Indifference to Safety

In support of his request for relief, the plaintiff states that Officer Theodarakis has caused

him to "endure[d] Prison rape/sexual[] harassment or all kinds [of] pain/suffering also mental health problems that are very very bad." *See* Compl. at 5. These conclusory allegations suggest that the plaintiff suffered a physical injury or harm as a result of the conduct or statements of Officer Theodarakis. There are no other facts to support these allegations. Thus, it is not clear when the alleged rape/sexual harassment occurred or how the conduct or statements by Officer Theodarakis caused or contributed to the alleged rape or sexual harassment of the plaintiff or whether the plaintiff's alleged mental health problems were caused by the rape or sexual harassment or by some other incident or conduct. As such, the allegations do not put the defendant on notice of the basis of the allegations against him.

Rule 8, Fed. R. Civ. P. provides that a complaint be "short and plain" and to include allegations that are "concise and direct" in order to put each defendant on notice of the legal claims against him or her. *See* Rule 8(a) & (d), Fed. R. Civ. P. The purpose of Rule 8 is to give the defendant or defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (internal quotation marks and citations omitted). Although it is apparent that the plaintiff may be attempting to assert a deliberate indifference to safety claim against the defendant, the conclusory allegations pertaining to incidents that occurred as the result of the conduct of the defendant do not put the defendant on notice of the grounds upon which the deliberate indifference claim rests. Thus, the allegations do not meet Rule 8(a) & (d), Fed. R. Civ. P. and are dismissed without prejudice. *See Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (a complaint is inadequately pled if it does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests") (citing *Twombly*,

9

550 U.S. at 545). The court will permit the plaintiff leave to amend to assert facts in support of the allegation that the conduct of the defendant caused the plaintiff to be raped or sexually harassed while he was in prison and caused him to suffer mental health problems.

### C. Other Claims

In addition to the terms sexual harassment, racial discrimination and orientation discrimination, the last paragraph of the complaint also includes the terms "battery, targeting . . . * hate crime * under color of state law . . . [and] protection from the[] ADA." *See* Compl. at 5. These terms or statements are simply causes of action or legal conclusions without any factual support. Conclusory, threadbare and formulaic recitations of a cause of action, without any supporting factual allegations do not meet the facial plausibility standard. *See Iqbal*, 556 U.S. at 678 (citng *Twombly*, 550 U.S. at 555).

To the extent that the ADA is a reference to the Americans with Disabilities Act, there are no facts in the complaint to support such a claim. The purpose of the ADA is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[1] To state a claim under the ADA, a plaintiff must plead "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or

---

[1] The Supreme Court has held that Title II of the ADA is applicable to state prisons. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity'").

was otherwise discriminated against by a public entity; and (3) that such exclusions or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003).

The plaintiff does not identify a disability from which he suffers or allege that he was excluded from participation in or denied the benefits of any program or activity during his confinement at MacDougall-Walker. Thus, he has failed to state a plausible claim under the ADA and that claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

It is unclear how the term "targeting" relates to any of the facts in the complaint. Nor has research revealed a federal cause of action for "targeting." To the extent that targeting is another word used by the plaintiff to mean discrimination, the court has addressed the plaintiff's claims of discrimination in a prior section of this ruling.

The reference to a battery and to a hate crime appears to assert claims under state law. Because the court has dismissed the federal claims against the defendant, it declines to exercise supplemental jurisdiction over any state law claims, including the claim for battery or the claim for a civil hate crime. *See* 28 U.S.C. 1367(c)(3); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well-settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## ORDERS

**In accordance with the foregoing analysis, the court enters the following orders:**

**(1)** The Eighth Amendment verbal harassment and sexual verbal harassment claims, the Fourteenth Amendment equal protection/discrimination claims, the "targeting" claim and the

ADA claim are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims, including the claim for battery and the claim for a civil hate crime. If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Clerk shall enter judgment for the defendant and close this case; and

**(2)** Within thirty days of the date of this order, the plaintiff may move to reopen this action and to file an amended complaint if he can allege facts to support a claim that the verbal statements or other conduct by Officer Theodarakis caused an inmate to rape, sexually assault or physically harm him in violation of his Eighth Amendment right to safe conditions of confinement or caused him to suffer mental health problems in violation of his Eighth Amendment right to health. Each claim must be supported by facts that indicate the dates on which any incidents occurred, describe the involvement of the defendant in any incidents and explain how the defendant violated the plaintiff's constitutionally or federally protected rights.

SO ORDERED at Hartford, Connecticut this ___2nd___ day of ___July_____, 2018.

_____/s/_____
Michael P. Shea
United States District Judge